United States Court of Appeals,

Eleventh Circuit.

No. 95-3269.

UNITED STATES of America, Plaintiff-Appellee,

v.

Israel ALVAREZ, Sr., Defendant-Appellant.

June 20, 1997.

Appeal from the United States District Court for the Northern District of Florida. (No. GCR-93-1009), Maurice M. Paul, Judge.

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

DUBINA, Circuit Judge:

The defendant, Israel Alvarez, Sr., ("Alvarez") appeals his sentence for conspiracy to distribute and possession with intent to distribute crack cocaine. This appeal presents questions regarding the interaction of U.S.S.G. § 5K1.1 and Fed.R.Crim.P. 35(b), on which the circuits are divided.

BACKGROUND FACTS

Alvarez's plea agreement gave him the opportunity to provide assistance to the Government in the prosecution of others in exchange for a motion for downward departure from the Government. Alvarez began assisting the Government before the district court sentenced him. However, his assistance was incomplete at sentencing because not all the targets of the prosecution had gone to trial. The Government therefore expected Alvarez's continued cooperation following sentencing.

At the sentencing hearing, the Government gave Alvarez a choice. The Government offered to file a U.S.S.G. § 5K1.1 motion advising the district court of the substantial assistance provided by Alvarez thus far and his expected future assistance. Alternatively, the Government offered to file a Fed.R.Crim.P. 35(b) motion after the sentencing advising the district court of Alvarez's substantial assistance with the additional prosecutions once they were concluded. The Government insisted that it would file *either* the § 5K1.1 motion *or* the Rule 35(b) motion, but not both. Faced with this choice, Alvarez chose the Rule 35(b) motion. He made this choice after the Government assured

him that the Rule 35(b) motion would reflect the totality of his assistance, both before and after sentencing.[1]

The district court, without a § 5K1.1 motion before it, sentenced Alvarez to 324 months imprisonment, a $1,500,000 fine[2], and a five year term of supervised release with deportation as a condition of the supervised release.[3] Alvarez perfected this appeal claiming that the Government violated his due process rights by forcing him to choose between a § 5K1.1 motion and a Rule 35(b) motion.

## DISCUSSION

Alvarez argues that the choice put to him at sentencing between these two motions was based on the Government's incorrect interpretation of the law and thus violated his due process rights. In our view, the Government could not have violated Alvarez's due process rights because the decision to file a § 5K1.1 motion for downward departure from the Sentencing Guidelines or a Rule 35(b) motion for resentencing lies within the sound discretion of the Government. *See United*

---

[1]It appears from the record that the Government's action in requiring Alvarez to elect between the two motions was based upon the Government's misunderstanding of the limits of each motion and their relationship together.

[2]Alvarez failed to object to the fine at his sentencing hearing. In light of the concerns expressed in *United States v. Jones,* 899 F.2d 1097 (11th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), *overruled on other grounds, United States v. Morrill,* 984 F.2d 1136 (11th Cir.1993) (en banc), we conclude that Alvarez has waived his right to appeal this issue. Where "a party is silent or fails to state the grounds for an objection, objections to the sentence will be waived for purposes of appeal, and this court will not entertain an appeal based upon such objections unless refusal to do so would result in manifest injustice." *Jones,* 899 F.2d at 1102-03.

[3]In *United States v. Chukwura,* 5 F.3d 1420 (11th Cir.1993), *cert. denied,* 513 U.S. 830, 115 S.Ct. 102, 130 L.Ed.2d 51 (1994), we held that district courts have power under § 3583(d) to order deportation as a condition of supervised release. Alvarez claims our ruling in *Chukwura* was incorrect. We recognize that our interpretation of § 3583(d) has created a split of authority within the circuits. *See United States v. Phommachanh,* 91 F.3d 1383 (10th Cir.1996) (holding that district courts may not order deportation under § 3583(d)); *United States v. Xiang,* 77 F.3d 771 (4th Cir.1996) (same); *United States v. Quaye,* 57 F.3d 447 (5th Cir.1995) (same); *United States v. Kassar,* 47 F.3d 562 (2d Cir.1995) (same); *United States v. Sanchez,* 923 F.2d 236 (1st Cir.1991) (per curiam) (same). Nevertheless, we recently reaffirmed our position that district judges may order deportation as a condition of supervised release under § 3583(d). *United States v. Oboh,* 92 F.3d 1082 (11th Cir.1996) (en banc), *cert. denied,* --- U.S. ----, 117 S.Ct. 1257, 1258, 137 L.Ed.2d 337 (1996). *Oboh* forecloses Alvarez's argument on this issue. Even if it did not, this issue is moot because there has been a final administrative order of deportation against Alvarez.

*States v. Howard,* 902 F.2d 894, 895 n. 2 (11th Cir.1990). In fact, the Supreme Court has made clear that "§ 5K1.1 ... gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States,* 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992) ("We see no reason why courts should treat a prosecutor's refusal to file a substantial-assistance motion differently from a prosecutor's other decisions."). Because motions for downward departure are within the Government's discretion, Alvarez has no protected right which gives rise to a due process claim. *See United States v. White,* 71 F.3d 920, 925-26 (D.C.Cir.1995) (holding that postponing evaluation of a defendant's substantial assistance does not violate due process). Although Alvarez does not state a due process claim, it appears that the Government did misinterpret federal law in this case, as Alvarez suggests.

Section 5K1.1 provides: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1. Rule 35(b) provides: "The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's *subsequent,* substantial assistance in the investigation or prosecution of another person who has committed an offense...." Fed.R.Crim.P. 35(b) (emphasis added). We explained the interaction of § 5K1.1 and Rule 35(b) in *United States v. Howard,* 902 F.2d 894 (11th Cir.1990).

In *Howard,* the Government filed a § 5K1.1 motion but the district court deferred ruling on the motion because Howard had not yet cooperated. *Id.* at 895. This court vacated Howard's sentence and found that postponing the § 5K1.1 ruling conflicted with the temporal framework established by § 5K1.1 and Rule 35(b). *Id.* at 896. *Howard* made clear that Section 5K1.1 is used at sentencing to reflect substantial assistance *rendered up until that moment. Id.* at 896. Rule 35(b) is used *after* sentencing to reflect substantial assistance rendered *after* sentencing. *Id.* Thus, Rule 35(b) cannot be used to reflect substantial assistance rendered prior to sentencing as the Government suggested to Alvarez in this case. *United States v. Speed,* 53 F.3d 643, 645 n. 3 (4th Cir.1995); *but see United States v. Drown,* 942 F.2d 55, 59 n. 7 (1st Cir.1991).

There is support for our interpretation of § 5K1.1 and Rule 35(b) in other circuits. The Fourth Circuit relied on our reasoning in *Howard* in a case similar to the one presented here. *See United States v. Martin,* 25 F.3d 211, 214 (4th Cir.1994). In *Martin,* the court stated:

> [I]f, at the time of sentencing, the government deems the defendant's assistance substantial, the government cannot defer its decision to make a U.S.S.G. § 5K1.1 motion on the ground that it will make a Fed.R.Crim.P. 35(b) motion after sentencing. Instead, the government at that time must determine—yes or no—whether it will make a U.S.S.G. § 5K1.1 motion.

*Id.* at 216. The First Circuit also has rejected the Government's attempt to defer a § 5K1.1 motion in anticipation of filing a Rule 35(b) motion. *See Drown,* 942 F.2d at 60. "[T]his strategy, insofar as it assumes that the government, at sentencing, may postpone its evaluation of a defendant's assistance until [his] services are completed, improperly merges the temporal boundaries established in [§ 5K1.1] and [Rule 35(b) ], respectively." *Id.*

U.S.S.G. § 5K1.1 and Rule 35(b) work in tandem to give the Government two opportunities to reward a defendant's substantial assistance in the investigation or prosecution of others. Section 5K1.1 addresses cooperation before sentencing while Rule 35(b) addresses cooperation after sentencing. The Government is not forced to choose between the two, nor are defendants. When a defendant's cooperation begins before sentencing and continues after sentencing, as occurred in this case, the Government should determine whether to make a § 5K1.1 motion at the sentencing hearing based on the defendant's cooperation up to that point. If a defendant continues to cooperate after sentencing the Government may elect to file a Rule 35(b) motion for reduction of the defendant's sentence. However, this motion may only reflect assistance rendered after imposition of the sentence. In so holding, we break rank with our sister circuits which have concluded that a Rule 35(b) motion may encompass the totality of a defendant's cooperation. *See White,* 71 F.3d at 925-26; *Drown,* 942 F.2d at 59, n. 7.[4] In our view, the plain language of Rule 35(b) forecloses such

_____

[4]In *Drown,* the First Circuit held that Rule 35(b) "speaks expressly to "subsequent' assistance, a reference which, in context, can only mean assistance rendered after the defendant has been sentenced." *Drown,* 942 F.2d at 59. The court then qualified its holding: "This is not to say that, on a Rule 35(b) motion for sentence reduction, the court may not assay the totality of a defendant's cooperation." *Id.* at 59 n. 7. Thus, *Drown* is not a model of clarity on this point. In our view, the *Drown* court's qualification seems inconsistent with its holding that the government "improperly merge[d] the temporal boundaries established in section 5K1.1 and Fed.R.Crim.P. 35(b)" by postponing its evaluation of defendant's assistance until the defendant's services are

an interpretation.

CONCLUSION

The Government induced Alvarez to choose between the Government filing a § 5K1.1 motion or a Rule 35(b) motion. This, of course, would have been permissible if the Government had properly understood the law and explained it to Alvarez. The problem in this case is that Alvarez chose the Rule 35(b) motion based on the Government's erroneous assumption and representation to him that a Rule 35(b) motion could reflect his pre-sentence cooperation. It cannot. Therefore, we vacate Alvarez's sentence and remand to the district court for resentencing.[5]

Although we have not reviewed the fine imposed by the district court or questioned the district court's authority to order deportation as a condition of supervised release, the district court is not bound by its previous judgment on these issues. Because we vacate Alvarez's sentence, the district court is free on remand to reconsider Alvarez's sentence in its entirety.

VACATED and REMANDED.

---

completed. *Id.* at 59.

[5]We vacate Alvarez's sentence and remand the case to the district court so the Government, now that we have explained the law to it, can decide whether to file a § 5K1.1 motion at resentencing, a Rule 35(b) motion later, or both.