[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-10576
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2005
THOMAS  K. KAHN
CLERK

D.C. Docket No. 98-00076-CR-1-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Alabama
_____

(June 17, 2005)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

James Moore appeals the district court's ruling permitting the Government to withdraw its Federal Rule of Criminal Procedure 35(b) substantial-assistance motion. We affirm the district court.

## I. BACKGROUND

After a grand jury charged Moore and a codefendant with conspiracy to possess with intent to distribute more than 50 grams of cocaine base, 21 U.S.C. §§ 841(a)(1) and 846; possession with intent to distribute 50 grams of cocaine base, 21 U.S.C. § 841(a)(1) (Count Two); and possession of a firearm during a drug trafficking crime,[1] 18 U.S.C. § 924(c)(1) (Count Three); Moore agreed to plead guilty to Counts Two and Three in return for the dismissal of Count One. The plea agreement provided that "[i]f the defendant cooperates truthfully and completely with law enforcement, and his cooperation substantially assists the United States in the prosecution of another for a felony offense, the United States will move the sentencing court for a downward departure from the defendant's guideline range."

---

[1] The indictment actually refers to a crime of violence, rather than a drug trafficking crime, but the parties have consistently treated this as a drug-related offense and the indictment identifies the underlying crimes as Counts One and Two.

Moore's presentence investigation report (PSI) set his total offense level at 35 for Count Two[2] and noted that a consecutive 60-month sentence was required for Count Three. Combined with a criminal history category of II, Moore's guideline sentence range was 188-235 months' incarceration for Count Two to be followed by 60 months' incarceration for Count Three.

At sentencing, the district court adopted the PSI and the specified sentence range. The Government moved for a downward departure, pursuant to U.S.S.G. § 5K1.1, stating Moore had provided substantial assistance in convicting his codefendant. The Government recommended he receive a sentence reduction of 25 percent or less, indicating Moore's codefendant had been a relatively minor player in the conspiracy. Moore asserted he had provided assistance in other cases. The Government responded that Moore might have been willing to provide further assistance, but had not actually provided further assistance. The district court granted the substantial-assistance motion, decided to grant a larger reduction than the Government requested, and sentenced Moore to a total of 162 months' incarceration, consisting of 102 months' imprisonment for the drug count and a consecutive 60 months' imprisonment for the firearm count.

---

[2] Moore's base offense level was 38, pursuant to U.S.S.G. § 2D1.1(b)(1), based on a drug quantity of 1.5 kilograms of cocaine base. The PSI reached a total offense level of 35 after subtracting 3 levels for acceptance of responsibility, U.S.S.G. § 3E1.1.

Moore did not pursue a direct appeal. Approximately 11 months after Moore was sentenced, the Government filed a motion, pursuant to Federal Rule of Criminal Procedure 35(b), stating that Moore had continued to cooperate after sentencing and was continuing to cooperate at that time. The Government indicated that it did not yet wish to request substantial-assistance relief for Moore, but was filing the motion to toll the running of the one-year limitation period of Rule 35. Subsequently, the Government moved to withdraw its Rule 35 motion on the ground Moore had not provided substantial assistance.

The district court granted the Government's motion to withdraw the Rule 35 motion and, to the extent that Moore had his own request for substantial-assistance relief pending, denied it as moot. Moore timely requested the district court reconsider its ruling, alleging the Government was acting in bad faith. The court denied Moore reconsideration.

Moore asserts he provided information to the Government which assisted it in the prosecution and sentencing of others. He contends the Government's withdrawal of the substantial-assistance motion constitutes a breach of the plea agreement wherein the Government agreed to file a substantial-assistance motion if he cooperated. He contends the Government acted in bad faith and with an unconstitutional motive when it sought to withdraw its Rule 35 motion, and thus,

should not have been permitted to do so. Moore provides no specific basis for his allegations of unconstitutional motive. He argues the Government should be required to resubmit the Rule 35 motion because the breach of a promise that induces a guilty plea violates due process.[3]

## II. DISCUSSION

Upon motion by the government, the district court may depart downward in sentencing a defendant if the defendant has provided the government with substantial assistance. 18 U.S.C. § 3553(e). When a defendant provides substantial assistance, the government has the power, but not the duty, to file a substantial-assistance motion. *Wade v. United States*, 112 S. Ct. 1840, 1843 (1992). We can review a prosecutor's refusal to file such a motion only if the refusal was based on an unconstitutional motive, such as racial or religious discrimination. *Id.* at 1843–44. Judicial review is appropriate only when there is an allegation and a substantial showing of the unconstitutional motive. *United States v. Forney*, 9 F.3d 1498, 1502. Because substantial-assistance motions are

---

[3] Moore also spends a great deal of his brief addressing the issue of drug quantity and the effects of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), thereon. Moore failed to raise this issue in the district court, and did not file a direct appeal. We have held that *Booker* is not retroactive to 28 U.S.C. § 2255 cases on collateral review. *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). Similarly, *Booker* is not retroactive in this case. Accordingly, Moore's *Booker* claims are not properly before us and we do not consider them.

within the government's discretion, a defendant has no protected right which gives rise to a due process claim. *United States v. Alvarez*, 115 F.3d 839, 841 (11th Cir. 1997).

To the extent Moore contends the Government must be required to live up to the obligations it took on in the plea agreement, the record demonstrates that it did. The plea agreement, at most, required the Government to file a motion "for a downward departure from the defendant's guideline range" if Moore provided substantial assistance. The Government moved for a downward departure at sentencing, and, as a result, Moore received a total sentence of 162 months' incarceration—86 months (more than 7 years) less than the bottom of his total applicable guideline range (188 months for Count Two and a consecutive 60 months for Count Three). Moore, then, has no claim for specific enforcement of the plea agreement.

To the extent Moore seeks further relief on the ground that he has provided additional substantial assistance, that claim is beyond our ability to review. Moore has vaguely used the words "unconstitutional motive," but has made no specific allegations, much less a substantial showing of unconstitutional motive. *See Forney*, 9 F.3d at 1502.

AFFIRMED.