[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2005
THOMAS K. KAHN
CLERK

No. 04-16344
Non-Argument Calendar

_____

D. C. Docket No. 99-00052-CR-T

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN MASSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(November 15, 2005)**

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Calvin Massey, a prisoner proceeding *pro se*, appeals the district court's

denial of his petition for specific performance of his plea agreement, arguing that the government should file a motion for reduction of sentence under Federal Rule of Criminal Procedure 35(b) based on his post-sentence assistance. We affirm.

As an initial matter, the government argues that we lack jurisdiction over the merits of Massey's appeal because Massey untimely filed his notice of appeal. However, the government's computation of the applicable deadline is incorrect. Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), "a [criminal] defendant's notice of appeal must be filed . . . within 10 days after . . . the entry of either the judgment or the order being appealed." In computing the 10-day time period specified in Rule 4(b), the entry date of the order and intermediate Saturdays, Sundays, and legal holidays are excluded when the period is less than 11 days. Fed. R. App. P. 26(a)(1) and (2). According to Rule 26(a)(4), Thanksgiving Day is a legal holiday.

Here, the district court entered its final order denying Massey's petition on November 18, 2004. The tenth day following the district court's order, excluding the entry date of the order and intermediate Saturdays, Sundays, and Thanksgiving Day, is December 3, 2004. Massey's notice of appeal was timely filed on December 2, 2004. Therefore, we have jurisdiction over Massey's appeal.

On appeal, Massey argues that the district court erred in denying his petition

2

for specific performance of the agreement because he fully performed his part of his post-sentence agreement with the government by testifying in its case against Wallace Salery, a major drug trafficker. Massey is currently serving a 126-month imprisonment term as a result of his guilty plea in 1999 to one count of conspiracy to possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Massey had entered into a plea agreement with the government in which he agreed to provide substantial assistance to the government concerning "the investigation made the subject of the indictment in this cause of action." The plea agreement further stated:

> It is understood and agreed that [Massey] must at all times give complete, truthful and accurate information and testimony. If, in the judgment of the attorneys for the Office of the United States Attorney for the Middle District of Alabama, [Massey] give[s] false, incomplete or misleading testimony or information . . . this agreement shall be null and void.

Prior to sentencing, the government filed a motion for a downward departure, which the district court granted.

During his imprisonment, Massey was subpoenaed by the government to testify in its case against Salery. Massey alleges that the Assistant United States Attorney involved in the prosecution of Salery's case promised him a further reduction in his sentence for his cooperation. Massey agreed to do so, and at trial, his testimony was impeached. He did not receive a further sentence reduction for

3

testifying in the Salery trial.

Massey relies on *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971), in support of his contention that, where a prosecutor makes a promise that is intended to induce action by a defendant, specific performance of that promise should be available.

We review *de novo* whether the district court may compel the government to file a substantial assistance motion. *United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993). The question of whether the government has breached a plea agreement is also subject to *de novo* review. *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998) (per curiam).

After a defendant has been sentenced, Federal Rule of Criminal Procedure 35(b) permits the district court, upon motion of the government, to reduce the sentence when the defendant provides substantial assistance in investigating or prosecuting another person. The Supreme Court has stated in the context of United States Sentencing Guidelines Manual § 5K1.1, which is analogous to Rule 35, that the government has the power, but not the duty, to file a motion to reduce a defendant's sentence when the defendant has provided substantial assistance. *Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843, 118 L. Ed. 2d 524 (1992); *see United States v. Alvarez*, 115 F.3d 839, 842 (11th Cir. 1997)

4

(explaining that both provisions "U.S.S.G. § 5K1.1 and Rule 35(b) work in tandem to give the Government two opportunities to reward a defendant's substantial assistance in the investigation or prosecution of others"). "[T]he courts are precluded from intruding into prosecutorial discretion" except where there is "an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." *Forney*, 9 F.3d at 1501-02 (emphasis in original) (citing *Wade*, 504 U.S. at 185-86, 112 S. Ct. at 1843-44).

In this case, even if the 1999 plea agreement could be read to create an obligation for the government to consider filing a Rule 35(b) motion where Massey provided post-sentence assistance to the government, the terms of the agreement do not create a nondiscretionary duty upon the government to file the motion. Thus, the government's conclusion that Massey's impeached testimony did not warrant a substantial assistance motion under the terms of the agreement was within the government's discretion. Because Massey does not argue that the government refused to file the motion based on an unconstitutional motive, we will not evaluate the assistance that Massey provided on our own accord.

Upon review of the record and the parties' briefs, we find no error in the district court's denial of Massey's petition for specific performance of his plea

agreement.  Accordingly, we affirm.

**AFFIRMED.**