[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 12, 2006
THOMAS K. KAHN
CLERK

No. 06-10760
Non-Argument Calendar

_____

D. C. Docket No. 97-00243-CR-2-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICO JUAQUIN ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 12, 2006)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Maurico Juaquin Ortiz appeals his 135-month sentences for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and attempting to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. On appeal, Ortiz first contends that the district court erred in applying a two-level enhancement for obstruction of justice, under U.S.S.G § 3C1.1, because he fled the jurisdiction due to concerns over his family.

We review a district court's factual findings regarding the imposition of an enhancement for obstruction of justice for clear error and the district court's application of the factual findings to the guidelines de novo. United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006). The guidelines provide that the district court is authorized to assess a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction . . ." U.S.S.G. § 3C1.1 (2005). The commentary to § 3C1.1 provides a non-exhaustive list of examples of the types of conduct to which the enhancement applies, including "willfully failing to appear, as ordered, for a judicial proceeding." U.S.S.G. § 3C1.1, comment. (n.4(e)) (2005).

2

Upon review of the record and the sentencing transcript, and upon consideration of the briefs of the parties, we discern no reversible error.

Here, the district court properly determined that Ortiz willfully failed to appear at his arraignment, and therefore, the application of the two-level enhancement for obstruction of justice under § 3C1.1 was appropriate. The record reflects that several family members testified that Ortiz left the jurisdiction in 1997 due to concerns over his family's health and safety. Having considered this testimony, the district court found that the defendant did not have to flee the jurisdiction in order to provide for the safety of his family. Therefore, the district court did not commit clear err in applying the § 3C1.1 enhancement because Ortiz willfully failed to appear.

Ortiz next argues that because the government declined to file a § 5K1.1 motion for downward departure, the district court effectively punished him twice for leaving the jurisdiction because the court also enhanced his sentence for obstruction of justice. The sentencing guidelines state in pertinent part that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1 (2005). "[T]he decision to file a § 5K1.1 motion for downward departure from the

[s]entencing [g]uidelines . . . lies within the sound discretion of the [g]overnment." United States v. Alvarez, 115 F.3d 839, 841 (11th Cir. 1997) . The Supreme Court has made clear that "§ 5K1.1 . . . gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992). In the absence of a plea agreement, judicial review of the government's failure to file a substantial assistance motion is limited to unconstitutional motive, and we have noted there is a "reluctance to enter into the prosecutorial discretion arena of the executive branch." United States v. Forney, 9 F.3d 1492, 1501, 1503 n.4. (11th Cir. 1993). We have also previously held that when the government has failed to file a substantial assistance motion, any assistance the defendant might have provided the government is not a permissible ground for a downward departure in calculating an advisory guideline range. United States v. Crawford, 407 F.3d 1174, 1182 (11th Cir. 2005).

Here, the government's decision to file a motion under U.S.S.G. § 5K1.1 rested solely with the prosecutor and not with the district court. But Ortiz contends it was "unreasonable for the [district] court [to] apply the obstruction enhancement in light of Ortiz losing the 5K reduction." This argument ignores the fact that the court's application of U.S.S.G. § 3C1.1 is independent of the government's

4

decision to file a motion under § 5K1.1.  Therefore, Ortiz has failed to show that the district court clearly erred in applying the two-level enhancement for obstruction of justice, pursuant to § 3C1.1.  Accordingly, Ortiz's sentences are affirmed.

**AFFIRMED**.