[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14595
Non-Argument Calendar

_____

D. C. Docket No. 04-60311-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIRYAN GARCIA,
a.k.a. Migi,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 23, 2006)

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Miryan Garcia appeals her 30-month sentence for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). On appeal, Garcia argues that the district court erred by concluding that the government did not breach the plea agreement by failing to file a U.S.S.G. § 5K1.1 motion. After careful review, we affirm.

"Whether the government has breached a plea agreement is a question of law that we review de novo." United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). We also review de novo whether the government can be compelled to make a substantial-assistance motion. See United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993) (reviewing the government's refusal to file a U.S.S.G. § 5K1.1 motion).

The Sentencing Guidelines provide that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1. "[T]he decision to file a § 5K1.1 motion for downward departure from the Sentencing Guidelines . . . lies within the sound discretion of the Government." United States v. Alvarez, 115 F.3d 839, 841 (11th Cir. 1997). The Supreme Court has made clear that " § 5K1.1 . . . gives the Government a power, not a duty, to file a motion when a defendant has

substantially assisted." Wade v. United States, 504 U.S. 181, 185 (1992). Of course, the prosecutor's discretion when exercising that power is subject to constitutional limitations. United States v. Forney, 9 F.3d 1492, 1501 (11th Cir. 1993). While we have "authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," such as the defendant's race or religion, we will not review the government's decision to file, or not to file, a substantial-assistance motion in the absence of an unconstitutional motive. Wade, 504 U.S. at 185-86. Put another way, our review is generally appropriate only when "there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." Forney, 9 F.3d at 1502.

Here, by the plea agreement's own terms, the government reserved the unfettered right to evaluate the nature and extent of Garcia's cooperation, and to decide whether Garcia's cooperation warranted the filing of a § 5K1.1 motion. Garcia agreed "that nothing in the agreement may be construed to require the government to file such a motion" and "that the U.S. Attorney's Office for the Southern District of Florida's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the

3

defendant." Garcia makes neither an allegation nor a substantial showing of a constitutionally impermissible motivation, taking issue <u>only</u> with the government's assessment of her assistance. On this record, particularly in light of the plain terms of the plea agreement, the government's decision not to file a substantial-assistance motion was entirely permissible and did not amount to a breach of the plea agreement.

**AFFIRMED.**