[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11317

_____

D. C. Docket No. 06-00073-CR-KD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY LAWRENCE CARLISLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(February 15, 2008)**

Before BLACK, CARNES and COX, Circuit Judges.

PER CURIAM:

Raising two contentions, Jeremy Carlisle appeals the 135 month sentence he received after he pleaded guilty to conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846.

## I.

Carlisle's first contention is that the Government violated the terms of his plea bargain by not evaluating the assistance he had rendered up to the time of sentencing and deciding whether to move at that time under U.S.S.G. § 5K1.1 for a downward departure based on substantial assistance. This is not the identical issue that Carlisle raised in the district court.

At sentencing, when the district court asked the Government whether it was going to make a motion, the AUSA replied that a Federal Rule of Criminal Procedure 35 motion "is still in the works," but that the Government was "not prepared to make that motion at this time." He explained that "this defendant's cooperation is still ongoing and an appropriate motion would be made at the correct time, subsequent to this proceeding." Carlisle cited to the district court United States v. Alvarez, 115 F.3d 839 (11th Cir. 1997), which he characterized as standing for the proposition that "there is a temporal distinction between 5(k)1 departures and Rule 35 departures," "[a]nd to the extent that Mr. Carlisle has cooperated to this point . . . it would be our objection that Mr. Carlisle is due

cooperation departure at this time for what is — has happen [sic] up to now and a Rule 35 for what has happened after."

The district court responded that it had "absolutely no jurisdiction, authority or ability to make them file a 5(k) motion." Carlisle conceded that was correct but explained that he wanted to "preserve it for the record" because the decision in Alvarez, as he interpreted it, meant that the court would not be able to grant a Rule 35 post-sentencing motion based on cooperation that had preceded sentencing. The court disagreed, stating that any cooperation Carlisle had provided before sentencing could be considered "overall in the 35." While Carlisle "tend[ed] to agree with that," he wanted to preserve the point "in an abundance of caution, [because] there are several Circuits that have followed that rule."

There is a dispute as to which standard of review we should apply in this case. According to Carlisle, the appropriate standard is *de novo*. The Government, on the other hand, contends we should review only for plain error, since Carlisle did not specifically claim the Government breached the plea agreement in district court. In the end, it does not matter which standard of review we use, as the result is the same under both. There was no error, plain or otherwise.

3

The plea agreement could not be clearer that the decision about whether Carlisle had provided assistance that was substantial enough to persuade the Government to file a § 5K1.1 or Rule 35 motion was reserved exclusively to the Government. The agreement expressly states that whether Carlisle's cooperation had been "complete, truthful and substantial" and had resulted in "substantial assistance to the United States in the investigation or prosecution of another criminal offense," is "a decision specifically reserved by the United States in the exercise of its sole discretion." And it reiterates that: "The United States specifically reserves the right to make the decision relating to the extent of any such departure request made under this agreement based upon its evaluation of the nature and extent of the defendant's cooperation."

Carlisle's position in the district court and much of his position before us is based on the erroneous premise that the cooperation he provided before sentencing could not be considered in deciding whether and to what extent he had provided substantial assistance for purposes of a post-sentence Rule 35 motion. That was the state of the law when the Alvarez case was decided in 1997, but the law changed when Rule 35 was amended in 1998. As amended, the rule explicitly provides that "[i]n evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance." Fed.

R. Crim. P. 35(b)(3). To the extent Carlisle is arguing, or other circuits have held, that presentence assistance that is by itself substantial may not be considered in a post-sentencing Rule 35 departure, that is simply wrong. Fed. R. Crim. P. 35 advisory committee's note to 1998 amendment. ("Thus, the amendment permits the court to consider, in determining the substantiality of post-sentencing assistance, the defendant's pre-sentencing assistance, irrespective of whether that assistance, standing alone, was substantial.").

To the extent that Carlisle is arguing that the Government was obligated to decide one way or the other at the time of sentencing whether his cooperation up to that point had been substantial, there is no error. The plea agreement reserved the substantial assistance motion to "the United States in the exercise of its sole discretion," and does not plainly require it to make that decision at sentencing, instead of later. In fact, the plea agreement specifies that if the Government decides Carlisle has rendered substantial assistance, it will move for a downward departure either "in accordance with Section 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, whichever the United States deems applicable." (emphasis added).

## II.

The second contention Carlisle raises is that the district court erred in denying him an acceptance of responsibility reduction in the calculation of his advisory guidelines range. That issue is barred from review by the valid appeal waiver that Carlisle agreed to as part of the plea bargain. It is also frivolous in light of the fact that he violated the terms of his pretrial supervisory release by using methamphetamine and by absconding; he had to be apprehended by law enforcement. See United States v. Hromada, 49 F.3d 685, 691 (11th Cir. 1995).

**AFFIRMED.**[1]

---

[1]This case was initially scheduled for oral argument, but the panel unanimously elected to decide it on the briefs and record. See 11th Cir. R. 34-3(f).