UNITED STATES of America, Plaintiff–Appellee,

v.

Vincent G. HOWARD, Defendant–Appellant.

No. 89–3261.

United States Court of Appeals, Eleventh Circuit.

June 5, 1990.

Clyde M. Taylor, Tallahassee, Fla., for defendant-appellant.

David L. McGee, Asst. U.S. Atty., Tallahassee, Fla., Mark B. Devereaux, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before JOHNSON, Circuit Judge,
HILL *, and HENLEY **, Senior Circuit
Judges.

JOHNSON, Circuit Judge:

Defendant Vincent G. Howard appeals from his sentence of thirty years' imprisonment and five years' supervised release imposed after Howard pled guilty to one count of conspiring to possess cocaine with intent to distribute in violation of 21 U.S. C.A. §§ 841 and 846.

## I. STATEMENT OF THE CASE

Howard entered a guilty plea to one drug-related crime on February 14, 1989, and sentencing was set for March 2, 1989.[1] On that date, the Government filed an *in camera* letter requesting that Howard be sentenced below the minimum guidelines sentence pursuant to section 5K1.1 of the Federal Sentencing Guidelines.[2] The government planned to indict several of Howard's crack suppliers in the near future, and it planned to use Howard's testimony in the prosecutions. The letter stated that Howard had "provided substantial assistance" to the government investigation by identifying people "involved with [Howard] in the distribution of 'crack' cocaine" and by agreeing to testify against these people.

The sentencing court stated that it would defer ruling on the motion because most of Howard's agreed-upon cooperation had not yet taken place. Howard's counsel objected to the postponement, alleging that it deprived Howard of one of two available

avenues of sentence reduction.[3] After several long protests by defense counsel, the sentencing court told Howard that making a ruling on the section 5K1.1 motion at that time would be taking "a stab at" sentence reduction, and told counsel to cease discussion of the issue. The court proceeded to impose sentence within the guideline range, however, without a section 5K1.1 departure.

On appeal we must determine whether the district court erred in failing to rule on the section 5K1.1 motion at the time of the sentencing hearing.

## II. ANALYSIS

We must first determine whether we have jurisdiction to entertain this appeal. A defendant may appeal a sentence imposed under the guidelines if (1) the sentence was imposed in violation of law, (2) the sentence was the result of an incorrect application of the guidelines, (3) the sentence exceeded the range prescribed by the guidelines, or (4) the sentence was plainly unreasonable and was imposed for an offense for which there is no sentencing guideline. 18 U.S.C.A. § 3742(a). In determining whether a sentence was so imposed, this Court must give due deference to the sentencing court's application of the guidelines to the facts of the individual defendant's case. 18 U.S.C.A. § 3742(d). If the sentence was imposed as a result of an incorrect application of the guidelines, this Court either may remand for further sentencing or correct the sentence itself. 18 U.S.C.A. § 3742(f)(1, 2).

■ This Court has held that a sentence which falls within the applicable guideline

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable J. Smith Henley, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. The district court sentenced Howard and his co-defendant Dwayne Dean together.

2. Section 5K1.1 allows the sentencing court to depart below the guidelines if the government files a motion stating that the defendant has provided substantial assistance in the investigation or prosecution of another offender. Such a

departure lies within the sentencing court's discretion.

3. Howard's counsel hoped that the court would sentence Howard below the guideline range for cooperation up to the date of the sentencing hearing, pursuant to section 5K1.1. He hoped that the government then would file a motion for correction of sentence pursuant to Federal Rule of Criminal Procedure 35(b) after Howard testified against his cohorts, and that Howard would be resentenced to an even shorter term at that time.

range is appealable if the defendant alleges either that the sentence was imposed in violation of law, that the sentence was "plainly unreasonable and imposed for an offense for which there was no applicable guideline," or that the guidelines were incorrectly applied. *United States v. Wright*, 895 F.2d 718, 720 (11th Cir.1990); *see also United States v. Bayerle*, 898 F.2d 28 (4th Cir.1990) (appellate court may review a district court's refusal to depart below the guidelines if the refusal results in a sentence imposed in violation of law); *United States v. Fuente–Kolbenschlag*, 878 F.2d 1377, 1379 (11th Cir.1989); *United States v. Soliman*, 889 F.2d 441 (2nd Cir. 1989) (decision not to make a downward departure from the guidelines is not appealable if the guidelines were correctly applied and the sentence did not result from violation of law). Howard does not specify which of the grounds listed in *Wright* provides the basis for this appeal. He simply claims that the district court was required to rule on the section 5K1.1 motion at the time of sentencing. We conclude that Howard is arguing that his sentence was imposed in violation of law.[4] Under the rationale laid out in *Wright,* Howard properly may appeal this question.

■ We now turn to the merits of Howard's challenge. Howard argues that the law requires that he get two "bites" at the sentence reduction "apple." The "bites" to which Howard refers are sentencing below the guidelines by way of section 5K1.1 and reduction through resentencing by way of Federal Rule of Criminal Procedure 35(b).[5] The two methods are substantially different with respect to timing. Section 5K1.1 is a sentencing tool; at the time of the original sentencing, the court may sentence the defendant below the guideline range on a motion from the government stating that the defendant has provided substantial assistance in investigating and prosecuting other persons. Rule 35(b) operates *after* sentence has been imposed. It allows the court to *resentence* the defendant to reflect substantial assistance rendered after imposition of the initial sentence. If a sentencing court refuses to make a section 5K1.1 reduction at the time of sentencing, the defendant has up to one year after sentencing to get his second "bite" at reduction through Rule 35(b). When a district court postpones a section 5K1.1 ruling, it conflicts with this temporal framework.

Further, postponing a section 5K1.1 ruling vests the district court with discretion

**4.** We arrive at this conclusion by a process of elimination. First, Howard's sentence does not exceed the guideline range. Second, Howard's sentence was not imposed for an offense for which there is no applicable guideline. Section 2D1.1 of the guidelines prescribes offense levels for drug trafficking offenses. Third, it does not appear that a defendant can appeal a denial of a 5K1.1 reduction as a misapplication of the guidelines. At least one court has left open the question of whether a district court's refusal to depart below the guidelines constitutes an incorrect application of the guidelines. *See United States v. Wright*, 873 F.2d 437, 442 (1st Cir. 1989). The format of the guidelines indicates that the answer to this question is negative. Chapters one through four and chapter five, subparts A through G, of the guidelines pamphlet create a system of offense levels, point awards, and punishments. A basic offense level is prescribed for each offense, and points are added to or subtracted from the base level for various reasons. Subsections A through G of chapter five prescribe various sentences based on these calculations. These chapters appear to constitute the actual "guidelines." Beginning in chapter five, subpart H, however, each subsection title is followed by the words "Policy State-

ment" in parentheses. These subsections refer to "the guidelines," as though they were different entities from those guidelines. The sections prescribe discretionary departures from the guidelines under certain circumstances. This format suggests that chapters five, subsections H through K, and chapters six and seven are not part of the guidelines for the purposes of determining whether the guidelines have been misapplied.

**5.** Fed.R.Crim.P. 35(b) states:

The court, *on motion of the Government,* may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines, and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court's authority to lower a sentence under this subdivision includes the authority to lower such sentence to a level below that established by statute as a minimum sentence.

(emphasis added).

to which it is not entitled. Both section 5K1.1 and Rule 35(b) require a motion by the government before the court can reduce a sentence. This constitutes a substantial change from the former version of Rule 35. Prior to the implementation of the Federal Sentencing Guidelines on November 1, 1987, Rule 35(b) stated in pertinent part: "A motion to reduce a sentence may be made, *or the court may reduce a sentence without motion,* within 120 days after the sentence is imposed...." After November 1, 1987, Rule 35(b) limited the court's authority to reduce a sentence already imposed to correction of illegal sentences on remand and reduction for substantial assistance upon government motion. *See United States v. Minor,* 846 F.2d 1184, 1187 (9th Cir.1988) (limiting district court authority to reduce sentences to these two situations). The change in the rule removes the district court's ability to resentence at its own discretion. Postponing a section 5K1.1 motion returns that discretion to the court, contrary to the dictates of Rule 35.

We conclude, therefore, that a sentencing court is obligated to rule on a section 5K1.1 motion at the time of sentencing. We find that by postponing the section 5K1.1 ruling, the court below imposed Howard's sentence in violation of law. The court was required to make a ruling on the section 5K1.1 motion *before* imposing sentence. Because the court failed to make this ruling, we must vacate the sentence imposed on March 2, 1989 and remand for resentencing. At the new sentencing hearing, the district court must consider and rule on the section 5K1.1 motion as if it had been made contemporaneously with the sentencing hearing, taking into account any new evidence necessary to make such a ruling. We note also that the government will have one year after the new sentence is imposed to bring a Rule 35(b) motion if such a motion is warranted.

Howard's sentence is hereby VACATED and REMANDED for resentencing consistent with this opinion.