**UNITED STATES of America,**

v.

**Julian Lamont BRISBON, a.k.a. Korede Akinbami, Defendant.**

**No. CR400–66.**

United States District Court, S.D. Georgia, Savannah Division.

Jan. 24, 2002.

■■■

Harry D. Dixon, U.S. Attorney and Joseph D. Newman, Assistant U.S. Attorney, Southern District of Georgia, Savannah, GA, for Plaintiff.

Michael G. Schiavone of Jackson & Schiavone, Richard L. Roble of R.L. Roble, PC, Savannah, GA, for Defendant.

## *ORDER*

MOORE, District Judge.

Before the Court is Government's Motion for Sentence Reduction Pursuant to Fed.R.Crim.P. 35(b). (Doc. 33). For the following reasons, the Government's motion to reduce sentence is **DENIED**.

## BACKGROUND

Pursuant to a plea agreement, Defendant pled guilty on August 23, 2000, to charges of possession of a firearm by a convicted felon and possession with intent to distribute marijuana. Defendant was sentenced on October 24, 2000, to 74 months for possession of a firearm, and 60 months for possession with intent to distribute marijuana, to be served concurrently.

■ After sentencing, Defendant assisted the Government by "making a public service TV spot to assist with the Project Ceasefire Program."[1] On December 13, 2001, the Government filed a motion to reduce Defendant's sentence pursuant to Fed.R.Crim.P. 35(b). The Government contends that Defendant's assistance in making the TV spot constitutes substantial assistance to the cause of law enforcement, warranting a reduction under Rule 35(b).

On December 14, 2001, the Court ordered the Government to submit a brief "which cites additional authority, explaining to the Court how it has power under Rule 35(b) to reduce sentence in this case." On January 3, 2002, the Court received the Government's brief. In addition, a response to the Government's motion to reduce sentence was filed by Defendant on January 7, 2002.

## ANALYSIS

■ Federal Rule of Criminal Procedure 35(b) provides in part:

REDUCTION OF SENTENCE FOR CHANGED CIRCUMSTANCES. If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 994.

Fed.R.Crim.P. 35(b). Under the terms of the Rule, a reduction in sentence is only allowed if the defendant's substantial assistance relates to either the investigation of another person or the prosecution of another person. Indeed, the Eleventh Circuit has acknowledged that Rule 35(b) reductions are allowed only in such cases. *See United States v. Chavarria–Herrara*, 15 F.3d 1033, 1037 (11th Cir.1994) (citing *United States v. Valle*, 929 F.2d 629, 633 n. 4 (11th Cir.1991)). Therefore, it is important to understand the meaning of the terms investigation and prosecution.

---

1. The TV spot is intended to increase community awareness of the federal government's program to target and prosecute felons found in possession of a weapon. (Gov.Resp.¶ 5).

Another goal of the TV spot is to deter those convicted of a felony from carrying firearms. (*Id.*) The TV spot will be broadcast within the Southern District of Georgia.

■ An investigation exists when the authorities are engaged in a systematic inquiry into the criminal activity of a subject. *See* BLACK'S LAW DICTIONARY 830 (7th ed.1999). An investigation, by definition, always entails a target, and if Rule 35(b) is to apply, the target must be another person. For example, Rule 35(b) would apply if the authorities were investigating a suspected drug dealer, and Defendant provided information regarding the time and place of drug sales by that individual.

■ A prosecution, on the other hand, is a "criminal proceeding in which an accused person is tried" for crimes they allegedly committed. BLACK'S LAW DICTIONARY 1237 (7th ed.1999). Like an investigation, a prosecution necessarily entails a target, which under the terms of Rule 35(b) must be another person. Building on the previous example, Rule 35(b) would apply if the authorities prosecuted the suspected drug dealer, and Defendant testified on behalf of the authorities at trial.

Here, Defendant has failed to satisfy either prong of Rule 35(b). First, there is no evidence that Defendant's assistance in producing the TV spot substantially assisted the Government in an investigation. In other words, the TV spot did not assist the Government in a systematic inquiry into the criminal activity of another person. In fact, there is no indication that the TV spot was in any way related to an investigation. Therefore, the investigation prong of Rule 35(b) is not satisfied.

Second, there is no evidence that Defendant's actions substantially assisted the Government in criminal proceedings against another person. Again, there is no evidence that the TV spot was in any way related to a criminal prosecution. There-

fore, the prosecution prong of Rule 35(b) has not been satisfied either.

This Court acknowledges the possible benefit of the production of a TV spot to assist in the Project Ceasefire Program. Too often, the Court is faced with the task of sentencing individuals convicted of being a felon in possession of a weapon. Inevitably, these individuals receive a sentence of several years imprisonment. The Court is encouraged by this attempt to increase community awareness and reduce the carrying of weapons by convicted felons.

The Court also finds Defendant's willingness to assist in the production of the TV spot to be commendable. By taking part in the TV spot, Defendant is giving publicity to the fact that he is a convicted felon in order to help society correct a serious problem. The unique nature of this assistance has not gone unnoticed by the Court.

However, despite the value of Defendant's actions, aiding in the production of the TV spot does not constitute substantial assistance in the *investigation* or *prosecution* of another person. Therefore, the requirements set forth in Rule 35(b) have not been satisfied. As a result, this Court cannot reduce Defendant's sentence pursuant to Rule 35(b).

Both the Government and Defendant state that they can find no case law supporting the proposition that Rule 35(b) can be applied in this case.[2] Nonetheless, the Government and Defendant still request that the Court grant a reduction in Defendant's sentence pursuant to Rule 35(b). Both sides present arguments for the Court's application of Rule 35(b). As the following paragraphs indicate, the Court is not persuaded by these arguments.

---

**2.** In addition, the Court's own research located no cases supporting application of Rule 35(b) under these circumstances.

In support of its motion, the Government cites § 5K1.1 of the Sentencing Guidelines. Section 5K1.1 addresses departures from the Sentencing Guidelines based on a defendant's substantial assistance to authorities. The Government focuses on Application Note 3, which states that "[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain." U.S.S.G. § 5K1.1, cmt. n. 3 (1999). Here, the Government contends that the extent and value of Defendant's assistance is difficult to ascertain. Therefore, the Government argues that substantial weight should be given to the Government's determination that the Defendant has rendered substantial assistance, and the request for reduction of sentence under Rule 35(b) should be granted.

■ The Government's argument is not persuasive for two reasons. First, § 5K1.1 of the Sentencing Guidelines is not applicable at this stage in Defendant's case. "Section 5K1.1 is used at sentencing to reflect substantial assistance *rendered up until that moment.*" *United States v. Alvarez,* 115 F.3d 839, 842 (11th Cir.1997) (emphasis in original) (citing *United States v. Howard,* 902 F.2d 894, 896 (11th Cir. 1990)). In contrast, "Rule 35(b) is used *after* sentencing to reflect substantial assistance *after* sentencing." *Id.* (emphasis in original) (citation omitted). Therefore, § 5K1.1 is inapplicable in this case, where Defendant's assistance was rendered after sentencing.[3]

■ Second, like Rule 35(b), § 5K1.1 also requires that the substantial assistance provided by a defendant relate to the prosecution or investigation of another person. Section 5K1.1 states that "[u]pon

motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1. Therefore, even if § 5K1.1 were applicable in this case, a reduction would be inappropriate because Defendant's assistance does not relate to the investigation or prosecution of another person.

■ In support of the Government's motion to reduce sentence, Defendant asserts that a reduction should be granted because both sides have agreed to a reduction, leaving no party to appeal this Court's reduction of Defendant's sentence. The Court finds Defendant's argument to be offensive. The parties propose that the Court violate the clear terms of Rule 35(b) because neither the Government nor the Defendant will object to such action, leaving no avenue for appeal of the Court's decision. However, it is the duty of the Court to apply the law to the cases brought before it, regardless of any agreements made by the parties. *See Empire Life Ins. Co. of America v. Valdak Corp.,* 468 F.2d 330, 334 (5th Cir.1972) (holding that agreement by parties cannot force court to abdicate duty to "enunciate law on record facts."). This Court will not abandon that duty simply because no one will be able to appeal its decision.

Defendant also argues that the Government's motion for reduction of sentence under Rule 35(b) should be granted because the "unspoken consideration is that the traditional methods of fighting criminal activity and world terrorism have not generally worked and with the change in the world environment, different assistance's [sic] are going to be needed to meet the new challenges that were neither contem-

---

**3.** The Court notes that § 5K2.0 is also applicable only at the sentencing phase, and cannot, despite Defendant's contentions, be used to justify a post-sentence reduction under Rule 35(b).

plated by nor specifically drafted in any criminal codes." Ultimately, Defendant claims that the criminal laws and the Sentencing Guidelines, as they exist today, are ineffective and in need of change. Based on this claim, Defendant argues that the Court should grant the Government's motion to reduce sentence, essentially rewriting Rule 35(b).

Defendant's argument conflicts with one of the most fundamental aspects of our system of government, namely separation of powers. *See Mistretta v. United States,* 488 U.S. 361, 380, 109 S.Ct. 647, 659, 102 L.Ed.2d 714 ("the separation of powers into three coordinate Branches is essential to the preservation of liberty."). The principle of separation of powers is codified in the United States Constitution, which vests the legislative power in the Congress, the executive power in the President, and the judicial power in the Courts. *See* U.S. Const. art I–III. Based on "unspoken considerations," Defendant now requests that the Court subvert this fundamental principle of the Constitution and act as the legislature.

██ This Court lacks both the power and the desire to grant Defendant's request. The Constitution is the "fundamental and paramount law of the nation," and the ultimate binding authority on this Court. *See Marbury v. Madison,* 5 U.S. 137, 1 Cranch 137, 177, 2 L.Ed. 60 (1803). Even in the face of Defendant's "unspoken considerations" the Court will not act in a manner contrary to the mandates of the Constitution. The Court offers no opinion as to what changes, if any, need be made to the criminal laws and Sentencing Guidelines. However, if changes are to be made, those changes must be made by Congress or the Sentencing Commission, rather than through a judicial decision handed down by a Federal District Court in the Southern District of Georgia.

## CONCLUSION

The language of Rule 35(b) is clear. Under the terms of the Rule, a reduction in sentence is appropriate only when the defendant has provided substantial assistance in the investigation or prosecution of another person. Here, Defendant's assistance in the production of a TV spot does not qualify as substantial assistance in the investigation or prosecution of another person. Therefore, the Court DENIES the Government's motion for reduction of Defendant's sentence pursuant to Rule 35(b).