[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 13, 2009
THOMAS K. KAHN
CLERK

No. 08-14637
Non-Argument Calendar

_____

D. C. Docket No. 06-00088-CR-F-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 13, 2009)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Tony Mitchell, proceeding *pro se*, appeals the district court's denial of his

motion to reduce sentence based on substantial assistance, under Fed. R. Crim. P. 35(b). On appeal, Mitchell argues that the district court erred in denying his Rule 35(b) motion to reduce sentence because, although only the government may file a Rule 35 motion, he was merely trying to inform the court that he never received the benefit of the government's motion for downward departure.

We review *de novo* a district court's decision that it lacks authority to reduce a sentence under Fed. R. Crim. P. 35(b). *United States v. Orozco*, 160 F.3d 1309, 1312-13 (11th Cir. 1998).

Rule 35(b) of the Federal Rules of Criminal Procedure provides that the district court may reduce a defendant's sentence to reflect substantial assistance provided by the defendant to the government after sentencing only "[u]pon the government's motion." Fed. R. Crim. P. 35(b)(1). As the language of the rule indicates, the district court may only reduce a defendant's sentence pursuant to Rule 35(b) upon the government's motion. *United States v. Howard*, 902 F.2d 894, 897 (11th Cir. 1990).

Generally, the government has the power, but not the duty, to file a motion to reduce sentence when a defendant has substantially assisted. *Wade v. United States*, 504 U.S. 181, 185 (1992) (analyzing substantial assistance motions under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)). Thus, a district court only may review

the government's refusal to file a substantial assistance motion if the defendant makes a showing that the refusal was based upon an unconstitutional motive, such as his race or religion. *Id.* at 185-86.

The district court did not err in finding that it lacked authority to grant Mitchell's Rule 35(b) motion to reduce sentence. Because the government never filed a Rule 35(b) motion, the district court properly concluded that it lacked the authority to reduce Mitchell's sentence. In addition, the government's failure to file such a motion was not subject to review because Mitchell did not make any showing that the government's decision in that regard was based on an unconstitutional motive.[1]

Accordingly, Mitchell's arguments are without merit and we affirm the district court's order denying his Rule 35(b) motion to reduce sentence.

**AFFIRMED.**

---

[1] We also note that, contrary to Mitchell's assertion, he received the benefit of the government's U.S.S.G. § 5K1.1 motion when the district court granted the motion, reduced his offense level one level, from 37 to 36, and, correspondingly, reduced his sentence.