[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 09, 2010
JOHN LEY
CLERK

No. 09-16329
Non-Argument Calendar
_____

D. C. Docket No. 08-00315-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMANUEL JONES,
a.k.a. E,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 9, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Emmanuel Jones appeals from his 78-month total sentence imposed for two

convictions for the use of a communication facility in furtherance of a conspiracy to

possess with intent to distribute, and to distribute, controlled substances, in violation of 21 U.S.C. § 843(b).  Jones argues that the district court abused its discretion by failing to account for his substantial assistance to the government, as a factor in its 18 U.S.C. § 3553(a) sentencing analysis.  After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we perform two steps.  Id. at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'"  Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]  The district

---

[1]     The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

court need not discuss each § 3553(a) factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 551 U.S. at 356.

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. There is a "range of reasonable sentences from which the district court may choose," and a sentence within the guideline range is ordinarily expected to be reasonable. Id. Moreover, when considering whether a defendant's sentence is reasonable, we have compared the sentence actually imposed to the statutory maximum. See, e.g., United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006) (upholding sentence as reasonable in part because it was "appreciably below the length of the statutory maximum").

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation and brackets omitted). We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and internal quotation omitted). The burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. Talley, 431 F.3d at 788.

As applied here, Jones has not demonstrated that the district court committed any procedural error or that his sentence is procedurally unreasonable. Jones conceded at sentencing that his applicable guidelines range was correctly calculated, and does not allege otherwise on appeal. Jones also concedes on appeal that, because the government did not file a § 5K1.1 motion, the district court lacked the authority to depart downward based on his substantial assistance.[2]

---

[2] "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1. Section 5K1.1 thus requires a substantial assistance motion by the government before the court can reduce a sentence under that guideline. Id.; see United States v. Howard, 902 F.2d 894, 897 (11th Cir. 1990).

In addition, at the sentencing hearing, the district court allowed both parties to present arguments as to what they believed the appropriate sentence should be. The court considered Jones' arguments for a "downward departure" based on his cooperation with the government, as well as his request for concurrent, rather than consecutive, sentences on the two telephone counts. Notably, the court heard Jones' argument that he cooperated with authorities from the very beginning of the case and agreed to "keep quiet" so as to prevent the investigation from being hampered; it also heard the government's response that it sought to reward Jones up-front for his cooperation by allowing him to plead guilty to the telephone counts, instead of the conspiracy counts. The court responded to Jones' request for a downward departure by pointing out that Jones "got a better deal" by this charge bargain, noting that, because Jones was allowed to plead to the telephone counts, as opposed to the conspiracy charges, he received the added benefit of serving only one year of supervised release, instead of five years. The court accepted the plea agreement because it "adequately reflect[ed] the seriousness of the actual offense behavior, and [did] not undermine the statutory purposes of sentencing," and it considered Jones' individual characteristics.

Moreover, the district court acknowledged that it considered all of the factors identified in § 3553(a) and found the 78-month total sentence to be sufficient, but not

5

greater than necessary, to comply with the statutory purposes of sentencing. Talley, 431 F.3d at 786 ("an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient . . ."). Indeed, the district court correctly calculated the applicable guideline range, treated the guidelines as advisory, acknowledged that it considered the parties' arguments, as well as the PSI, the plea agreement, and the § 3553(a) factors, and ultimately sentenced Jones at the bottom of the guidelines range. Jones has therefore failed to show that his sentence was procedurally unreasonable.

Jones also has failed to demonstrate that his bottom-of-the-guidelines total sentence was substantively unreasonable. As for his claim that the "charge bargain" that he accepted was not a better deal than pleading guilty to the charges of conspiracy, Jones ignores the fact that, if he had pleaded guilty to the conspiracy charges, he could have faced a 20-year term of imprisonment as well as a five-year term of supervised release, and a mandatory minimum of 20 years' imprisonment if the government had filed a notice under 21 U.S.C. § 851 based on Jones' prior drug offense. See 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, 851; 18 U.S.C. § 3583(b)(1). In contrast, by pleading guilty to the telephone charges, Jones faced a lesser eight-year statutory maximum term of imprisonment and a one-year supervised release term. See 21 U.S.C. § 843(b), (d)(1); 18 U.S.C. § 3583(b)(3). Further, Jones'

bottom-of-the-guidelines 78-month total sentence also was below the statutory maximum of eight years' imprisonment.  <u>See</u> 21 U.S.C. § 843(d) (providing for a maximum term of imprisonment of four years, as to each count); <u>Valnor</u>, 451 F.3d at 751-52; <u>Talley</u>, 431 F.3d at 788.  Accordingly, Jones has not met his burden, in light of the record and the pertinent § 3553(a) factors, to show that the district court abused its discretion in sentencing him.

**AFFIRMED.**