[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10804
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2010
JOHN LEY
CLERK

D.C. Docket No. 4:08-cr-00040-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLORENTINO MANCERA-PATINO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 28, 2010)

Before CARNES, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Florentino Mancera-Patino, a federal prisoner, appeals pro se from the

district court's denial of his motion seeking to compel the government to file a

motion to reduce his sentence based on his substantial assistance or in the alternative to grant an evidentiary hearing on the matter. Mancera-Patino has already benefitted from one motion to reduce his sentence. He contends that he is entitled to have his sentence reduced further because he continued to substantially assist the government even after he was convicted and sentenced.

On August 20, 2008, Mancera-Patino was indicted for one count of possession of methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), one count of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), and one count of possession of a firearm by an illegal alien, 18 U.S.C. §§ 922(g)(5) and 924(a)(2). At a hearing on November 25, 2008, he pleaded guilty to all three counts. There was no plea agreement.

The Presentence Investigation Report indicated that Mancera-Patino's total offense level for the counts of drug distribution and possession of a firearm by an illegal alien was 25 and that he had a criminal history category of II. This placed him in a guidelines range of 63–78 months. He was also subject to a consecutive 60-month mandatory minimum sentence on the § 924(c) conviction. Before the sentence hearing the government filed a motion under 18 U.S.C. § 3553(e) and United States Sentencing Guidelines § 5K1.1 to reduce Mancera-Patino's sentence

based on his substantial assistance. The motion noted that he had assisted with a state prosecution in Whitfield County, Georgia, and it recommended a two-level departure in his offense level for that reason.

At the sentence hearing Mancera-Patino argued that he actually deserved a greater departure because he was also helping with an ongoing narcotics investigation in Atlanta. Defense counsel specifically noted that he was making that argument so that Mancera-Patino would get credit for his assistance in both the Whitfield County and Atlanta cases; that way, he would not need to rely on the government to file an additional motion for substantial assistance later. The court accepted that argument and departed four levels instead of two, taking Mancera-Patino's total offense level on the counts of drug distribution and possession of a firearm by an illegal alien down from 25 to 21, which lowered the guidelines range from 63–78 months to 41–51 months. The court then sentenced him to 41 months on his convictions for drug distribution and possession of a firearm by an illegal alien and 60 months to run consecutively on his conviction for possession of a firearm in furtherance of a drug trafficking crime. That made for a total sentence of 101 months.

In December 2009 Mancera-Patino filed a pro se motion titled "Petition for a court order compelling the government to submit a Rule 35(b) nunc pro tunc or a

petition pursuant to 18 U.S.C. Section 3553(e) for defendant's substantial assistance or in the alternative to grant an evidentiary hearing." He argued that his guilty plea and later cooperation with the government had been motivated by the promises of various law enforcement agents, who had offered him "the moon and the sky" and had assured him that his federal charges would "disappear like a puff of smoke" if he helped them. In addition to alleging those clichés, he argued that his "reasonable understanding" of his guilty plea was that was that the government had agreed to seek an additional reduction of his sentence at a later date. He insisted that his sentence "must be vacated" because he did not receive "the benefit of his bargain."

The government's response contended that Mancera-Patino's arguments were wholly without merit. First, it observed that the discretion to file a motion for substantial assistance lies wholly with the government. Second, it noted that since there was no plea agreement in Mancera-Patino's case, his arguments that the government must be bound to its "bargain" and fulfill the terms of its "agreement" were baseless. Third, it pointed out that Mancera-Patino already had received the full benefit of his substantial assistance when the sentencing court granted a four-level downward departure, two levels more than the government itself had recommended. The district court agreed with the government.

4

Now contending that the district court erred in denying his motion, Mancera-Patino raises and expands upon many of those points he first set out in his motion.[1]  He argues to this Court that his reasonable understanding "of the plea at the Rule 11 colloquy" was that the government would submit another motion to reduce his sentence later on, and when it did not, his "due process right[s]" were violated because he was denied "the benefit of the bargain into which he entered." He also argues that the government has acted "in bad faith" and "capriciously" by not filing a motion for substantial assistance after sentencing.  Finally, he asserts that a brief statement from the prosecutor at the sentence hearing amounted to a plea agreement, which we will recount later.

As an initial matter, even though Mancera-Patino has styled his motion and brief as seeking to compel a Rule 35(b) or § 3553(e) motion, only the 35(b) motion is technically possible here.  A motion under § 3553(e) and U.S.S.G. § 5K1.1 to reduce a defendant's sentence for substantial assistance is filed by the government when a sentence is imposed; Rule 35(b) "provides the only avenue" for reducing a federal sentence after it has been legally imposed.  United States v. Orozco, 160 F.3d 1309, 1313 n.6 (11th Cir. 1998).  We point out that procedural

---

[1]We have clarified and summarized the essential arguments of Mancera-Patino's pro se brief, consistent with our obligation to construe these briefs "liberally."  McBride v. Sharpe, 25 F.3d 962, 971 (11th Cir. 1994).

detail for the sake of clarity, but it does not affect our analysis of the merits because a Rule 35(b) motion is the post-sentencing equivalent of a motion under § 3553(e) and U.S.S.G. § 5K1.1. See United States v. McNeese, 547 F.3d 1307, 1308–09 (11th Cir. 2008) (applying the Supreme Court's rationale in Wade v. United States, 504 U.S. 181, 112 S.Ct. 1840 (1992), regarding a § 3553(e) motion to find that the government had discretion to direct a 35(b) motion to a specific count); see also United States v. Aponte, 36 F.3d 1050, 1052 (11th Cir. 1994) ("Given that Rule 35(b) and section 3553(e) utilize the same language to achieve the same end, we accord them the same interpretation.").

Rule 35(b) gives to the government the sole discretion over whether to file a motion for substantial assistance, and both this court and the Supreme Court "long have recognized" that this discretion is "vast." McNeese, 547 F.3d at 1309 (citing Wade, 504 U.S. at 185, 112 S.Ct. at 1843). As a result, "federal district courts may review the government's refusal to file a substantial-assistance motion only if the defendant first makes a 'substantial threshold showing' that the refusal was based upon an unconstitutional motive, such as the defendant's race or religion." Id. at 1308 (quoting Wade, 504 U.S. at 185–86, 112 S.Ct. at 1843–44). We have declined to extend the scope of the district court's inquiry to include arguments that the government acted "in bad faith" in refusing to file a substantial assistance

motion.  See United States v. Forney, 9 F.3d 1492, 1502 n.5 (11th Cir. 1993); see also United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000).

The district court did not err in dismissing Mancera-Patino's motion.  First, he did not allege that the government's failure to file a Rule 35(b) motion was based on a constitutionally impermissible motive.  Instead, he merely alleged that law enforcement officers had made a variety of promises to him that had gone unfulfilled.  Even if those allegations were true, they would amount to nothing more than bad faith on the part of the government, and we "limit our review of the government's refusal to file substantial assistance motions to claims of unconstitutional motive."  Nealy, 232 F.3d at 831.  Second, to the extent Mancera-Patino has alleged the existence of a plea agreement with the government, this allegation is directly contradicted by his own statements during the plea colloquy:

> THE COURT:  I want to advise you at this time that plea agreements or plea bargains are permissible in this court and that you, your lawyer, the Government lawyer, defense lawyer, all others who may know anything about any plea agreement or plea bargain in this case are required and compelled to inform the court as to the terms and conditions of any such plea bargain or plea agreement.  Now does your willingness to plead guilty in this case result from any written plea agreement or oral plea agreement in your case, other than the fact that you're pleading guilty to Counts One, Two, and Three of the indictment in this case?
>
> MANCERA-PATINO:  No, I'm guilty.

7

THE COURT: Well, has anybody promised you any light sentence of probation or a concurrent sentence to get you to plead guilty?

MANCERA-PATINO: No.

Despite these clear denials of the existence of a plea agreement, Mancera-Patino's brief to this Court makes much of a passing statement from the government at the sentence hearing. After the court granted a four-level downward departure, the government said: "If the defendant's further cooperation is needed related to any other ongoing investigation, we'll be back before the [c]ourt to revisit it at that point." In addition to the fact that this statement preserved the government's discretion about whether to seek a sentence reduction under Rule 35(b), it also was made after Mancera-Patino had already pleaded guilty, so it cannot possibly have induced the plea.

Finally, we briefly address the district court's denial of Mancera-Patino's motion for an evidentiary hearing on the government's decision not to file a Rule 35(b) motion. A defendant's mere allegations of having provided substantial assistance to the government "will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Wade, 504 U.S. at 186, 112 S.Ct. at 1844. We have held that "judicial review is appropriate only 'when there is an allegation and a substantial showing that the prosecution refused to file a substantial

assistance motion because of a constitutionally impermissible motivation.'" United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) (quoting Forney, 9 F.3d at 1502). Because Mancera-Patino has not even alleged an unconstitutional motive, let alone made a substantial showing of one, the district court did not err by refusing to grant an evidentiary hearing on this issue.

**AFFIRMED.**