[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2011
JOHN LEY
CLERK

_____

No. 10-13688
Non-Argument Calendar

_____

D.C. Docket No. 3:08-cr-00075-MMH-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN EVINS NANCE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 13, 2011)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Melvin Evins Nance, pro se, appeals the district court's denial of his post-sentencing motions seeking to compel the government to file a substantial-assistance motion under Fed.R.Crim.P. 35(b) ("Rule 35(b)") to reduce his sentence. Nance generally argues on appeal that the district court had jurisdiction to direct the government to file a substantial-assistance motion because (1) the government's refusal was premised on an unconstitutional motive, in that both his attorney and the government failed to detail the extent of his cooperation during sentencing, and that the government acted arbitrarily and in bad faith; and (2) the government breached the plea agreement by enticing him to cooperate and failing to file the requisite motion, to which he was "entitled." After careful review, we affirm.

We review de novo a district court's authority under Rule 35(b) to reduce a sentence. See United States v. Orozco, 160 F.3d 1309, 1310, 1312-13 (11th Cir. 1998) (holding that the district court did not err in finding that it lacked jurisdiction to reduce a defendant's sentence under the pre-amendment Rule 35(b)); see also United States v. Dorsey, 554 F.3d 958, 960 (11th Cir. 2009) (reviewing de novo the district court's authority to depart downward from the defendant's guideline range under U.S.S.G. § 5K1.1, in the absence of a motion by the government).

Pursuant to Rule 35(b), "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing,

2

provided substantial assistance in investigating or prosecuting another person." Fed.R.Crim.P. 35(b)(1). As the language of the rule indicates, the district court may only reduce a defendant's sentence pursuant to Rule 35(b) upon the government's motion. United States v. Howard, 902 F.2d 894, 897 (11th Cir. 1990). The Supreme Court has held that this rule gives the government "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185 (1992) (considering motions filed pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1); see also United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008) (applying Wade to Rule 35(b) motions).

The Supreme Court elaborated that the government's discretion is such that federal district courts may review the government's refusal to file a substantial-assistance motion only if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as the defendant's race or religion, or that the refusal was not rationally related to any legitimate government end. Wade, 504 U.S. at 185-87 (quotation omitted). Further, the Supreme Court held that mere claims that a defendant provided substantial assistance and generalized allegations of the government's improper motive do not "entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Id. at 186.

3

In addition, if the defendant makes a threshold showing that the government's refusal to file a substantial-assistance motion was a breach of the express terms of the plea agreement, an evidentiary hearing and relief may be appropriate. See United States v. Forney, 9 F.3d 1492, 1500-03 & nn.2, 5 (11th Cir. 1993) (holding that judicial review of the government's refusal to file a § 5K1.1 motion is appropriate where the plea agreement contained a specific agreement by the government to file a substantial-assistance motion). However, where a plea agreement states only that the government will file a Rule 35(b) motion if it determines, in its "sole" discretion, that the defendant's cooperation qualifies as substantial assistance, the government does not breach the agreement by failing to file such a motion, and the district court has no jurisdiction to review the claim of breach. Id. at 1500-02 & n.2.

Here, the district court did not err in finding that it lacked jurisdiction to compel the government to file a Rule 35(b) motion because Nance failed to make a substantial showing that the government either breached the terms of his plea agreement or acted with an unconstitutional motive. See Wade, 504 U.S. at 185-87; Forney, 9 F.3d at 1500-02 & n.2. First, the government did not breach the terms of the plea agreement because the agreement specifically stated that (1) the government only "agree[d] to consider" Nance's post-sentencing cooperation in deciding whether to file a Rule 35(b) motion; (2) the determination regarding substantial assistance

4

rested solely within the discretion of the government; and (3) he could not challenge that determination in a direct appeal or collateral attack. Therefore, because the government did not breach Nance's plea agreement by failing to file a Rule 35(b) motion, the district court had no jurisdiction to review his breach-of-plea claim. See Forney, 9 F.3d at 1500-02 & n.2.

Second, Nance failed to make a substantial showing that the government's refusal to file a Rule 35(b) motion was based on an unconstitutional motive or was unrelated to a legitimate government end. See Wade, 504 U.S. at 185-87. Specifically, Nance's conclusory statements -- that the government acted in "bad faith" and exhibited an "unconstitutional motive" in failing to reward him for his cooperation -- are contradicted by the record, which shows that the government filed a presentence § 5K1.1 motion that accounted for his pre-trial assistance in disclosing the existence of a cellular telephone and "other matters" at his correctional facility, and that the government asserted that it had considered all of his previous cooperative attempts and concluded that none were substantial. Further, the district court commented that Nance was actually "extraordinarily fortunate" that the government filed a § 5K1.1 motion because another prosecutor may not have done so based on the same information. In addition, even assuming that the government actually failed to reward Nance for his cooperation, he still failed to make a substantial showing that

5

the government's refusal was based on an impermissible ground such as his race or religion. See Wade, 504 U.S. at 185-86. Accordingly, the district court lacked jurisdiction to review the government's decision not to file such a motion.

Because the district court correctly found that it lacked jurisdiction to review Nance's motions, we do not address his substantive claims on appeal detailing the extent of his cooperation and asserting that the government failed to consider his substantial assistance. Nor do we consider Nance's ineffective-assistance-of-counsel argument because he raised that issue for the first time in his reply brief. See United States v. Magluta, 418 F.3d 1166, 1185-86 (11th Cir. 2005) (explaining that "an appellant may not raise an issue for the first time in a reply brief").

**AFFIRMED.**