[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-11354

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDREW NEWBURG,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00118-KKM-AAS-1

————————————————

Before JORDAN, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Andrew Newburg, a federal prisoner, appeals the denial of his motion to compel the government to file a U.S.S.G. § 5K1.1 motion and for resentencing. Newburg filed his motion to compel five months after his sentencing. In denying Newburg's motion to compel, the district court concluded it lacked authority to compel the government to file a § 5K1.1 motion after Newburg's sentence was imposed and the judgment was entered. Because Newburg provided his assistance before sentencing, not after, the district court also concluded Newburg's motion to compel could not be construed as seeking relief under Federal Rule of Criminal Procedure 35(b), which applies to post-sentencing assistance.

After review, we affirm because the district court lacked authority to review the government's refusal to file a substantial-assistance motion under either § 5K1.1 or Rule 35(b).

## I. BACKGROUND

### A. Plea and Sentencing

Newburg pled guilty to possessing with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). Pursuant to a written plea agreement, Newburg agreed to fully cooperate with the government. In exchange, the government agreed "to consider" whether Newburg's cooperation amounted to substantial assistance warranting either a § 5K1.1

motion (if completed before sentencing) or a Rule 35(b) motion (if completed after sentencing). The plea agreement also provided that the decision whether and what type of substantial-assistance motion to file rested "solely with" the government and that Newburg would not challenge that determination.

At sentencing, the government described Newburg's pre-sentence cooperation as a confidential source conducting controlled drug purchases, which led to three indictments and some continuing investigations. The government explained why, despite Newburg's "fairly extensive" cooperation in its drug investigations, it had not filed a § 5K1.1 motion. The government advised that Newburg had not "fully cooperated" with its investigation into separate, child-pornography criminal charges recently filed against him and in fact had refused to give the government the passcode to his seized cell phone.

At sentencing on his drug conviction, Newburg did not object to the government's refusal to file a § 5K1.1 motion, but rather asked the district court to consider his cooperation as a mitigating factor. The district court did so and varied downward from the advisory guidelines range of 97 to 121 months to a 78-month sentence in part based on Newburg's pre-sentence cooperation with the government.

Newburg voluntarily dismissed his appeal of his drug conviction and sentence. In this appeal, Newburg does not raise any issues apart from his challenge to the district court's denial of his post-judgment motion to compel.

**B.     Post-Sentence Motion to Compel Government to File § 5K1.1 Motion**

Five months after his sentencing, Newburg filed a "Motion to Compel Government to File 5K1.1 Motion and for Resentencing." Newburg contended that: (1) his pre-sentence cooperation with the government, which involved numerous controlled drug purchases and led to three indictments, rose to the level of substantial assistance; and (2) the government's refusal to file a § 5K1.1 motion based on that pre-sentence assistance was motivated by unconstitutional motives. In particular, Newburg claimed that the government's refusal to file a § 5K1.1 motion because he would not unlock his cell phone violated due process, the presumption of innocence, and his Fifth Amendment right against self-incrimination. Newburg asked the district court to reduce his sentence "by at least six guideline levels" and resentence him.

The district court denied Newburg's motion to compel, concluding it lacked authority to resentence him. The district court stressed that § 5K1.1 applies before a district court renders the original sentence and does not give the court the authority to compel the government to file a § 5K1.1 motion after a sentence is imposed or award any other relief after the judgment is entered.

The district court noted that under Rule 35(b), a district court may reduce a sentence for substantial assistance provided after sentencing and that Newburg's motion to compel was filed five months after his sentencing. The district court determined,

however, that Newburg's motion to compel could not be construed as seeking Rule 35(b) relief because Newburg's assistance was provided before sentencing, not after. This appeal followed.

## II. STANDARD OF REVIEW

We review "*de novo* the scope of the legal authority of the district court to reduce a sentence." *United States v. Green*, 764 F.3d 1352, 1355 (11th Cir. 2014).

## III. GENERAL PRINCIPLES

A defendant has "two 'bites' at the sentence reduction 'apple'" based on his substantial assistance—a U.S.S.G. § 5K1.1 departure or Rule 35(b) resentencing. *United States v. Howard*, 902 F.2d 894, 896 (11th Cir. 1990). The primary difference between § 5K1.1 and Rule 35(b) is *when* each rule applies. *Id.*

At sentencing, if the government files a motion pursuant to § 5K1.1, the district court may depart from the Sentencing Guidelines based on the defendant's "substantial assistance" to the government in investigating or prosecuting another person. U.S.S.G. § 5K1.1(a). "Section 5K1.1 is a sentencing tool" used "at the time of the original sentencing." *Howard*, 902 F.2d at 896; *see also United States v. Orozco*, 160 F.3d 1309, 1313 (11th Cir. 1998). The district court must rule on a § 5K1.1 motion before imposing a sentence. *Howard*, 902 F.2d at 897 (explaining that a district court cannot postpone a § 5K1.1 ruling until after sentencing).

After sentencing, if the government files a Rule 35(b) motion, the district court may reduce a defendant's sentence for substantial assistance. *See* Fed. R. Crim. P. 35(b); 18 U.S.C. § 3582(c)(1)(B) (allowing modification of an imposed prison term "to the extent expressly permitted by statute or Rule 35"). In other words, Rule 35(b) "allows the court to *resentence* the defendant to reflect substantial assistance rendered after imposition of the initial sentence." *Howard*, 902 F.3d at 896.

Rule 35(b) limits the district court's authority to reduce a sentence to when "the defendant, *after sentencing*, provided substantial assistance." Fed. R. Crim. P. 35(b)(1) (emphasis added); *United States v. Melton*, 861 F.3d 1320, 1328 (11th Cir. 2017) ("Rule 35(b) is a vehicle by which the government can ask a district court to reward with sentence reductions defendants who provide *post*-sentencing substantial assistance."). While Rule 35(b) explicitly *requires* post-sentencing substantial assistance for the district court to act, it *permits* the district court also to consider any pre-sentencing assistance that was not considered at sentencing. Fed. R. Crim. P. 35(b)(3) & advisory committee's note to 1998 amendments; *see also United States v. Hardman*, 778 F.3d 896, 901 (11th Cir. 2014) (explaining that the "primary focus" of a Rule 35(b) proceeding is "the substantiality of the defendant's postsentencing assistance").

Both § 5K1.1 and Rule 35(b) require motions by the government, and we generally analyze both types of motions under the same framework. *See United States v. McNeese*, 547 F.3d

1307, 1308-09 (11th Cir. 2008) (applying Supreme Court and Eleventh Circuit precedent regarding § 5K1.1 to Rule 35(b)). Additionally, both § 5K1.1 and Rule 35(b) "give[] the Government a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185 (1992) (addressing § 5K1.1); *McNeese*, 547 F.3d at 1308-09 (applying *Wade* to Rule 35(b)).

For this reason, district courts generally "are precluded from intruding into prosecutorial discretion" regarding whether to file a substantial-assistance motion. *United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993). Judicial review is appropriate only "when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." *Id.* at 1502 (citing *Wade*, 504 U.S. at 185-86) (footnote omitted).

## IV.  NEWBURG'S CLAIM

The district court did not err in denying Newburg's post-sentence motion to compel the government to file a § 5K1.1 motion. Newburg filed his motion to compel five months after his sentencing. By that time, the district court could not compel the government to file a § 5K1.1 motion, as § 5K1.1 applies only at the *original* sentencing and does not allow the district court to *resentence* a defendant to a reduced prison term based on substantial assistance. *See Howard*, 902 F.2d at 896; *Orozco*, 160 F.3d at 1313.

On appeal, Newburg denies that his motion to compel requested relief under § 5K1.1. Although confusing, Newburg makes the argument that Rule 35(b) granted the district court the authority to compel the government to file a § 5K1.1 motion because he alleged that at sentencing the government refused to file a § 5K1.1 motion for unconstitutional motives.

Newburg's argument is based on a fundamental misunderstanding of how § 5K1.1 and Rule 35(b) operate. Our precedent, outlined above, makes clear that there is no interplay between § 5K1.1 and Rule 35(b). *See Howard*, 902 F.2d at 896 (describing the temporal framework for § 5K1.1 versus Rule 35(b)). Though each provision, upon the government's motion, gives the district court the authority to reduce a cooperating defendant's sentence, § 5K1.1 and Rule 35(b) are separate and distinct authorities with separate and distinct functions. The Sentencing Guidelines authorize § 5K1.1 motions based on pre-sentencing substantial assistance, which must be ruled on *at* sentencing. U.S.S.G. § 5K1.1; *Howard*, 902 F.2d at 897. The Federal Rules of Criminal Procedure authorize Rule 35(b) motions based on post-sentence substantial assistance, which can be made and ruled on only *after* sentencing. Fed. R. Crim. P. 35(b).

While Newburg's motion to compel was filed after sentencing, it cited only his pre-sentence cooperation as a confidential informant that led to the indictment of three other individuals. Under the circumstances, the district court correctly concluded that it lacked authority to consider Newburg's motion

24-11354                Opinion of the Court                    9

to compel under Rule 35(b), which requires post-sentence substantial assistance.  *See* Fed. R. Crim P. 35(b)(1) (requiring substantial assistance "after sentencing").

Newburg's reliance on our unpublished decision in *United States v. Mancera-Patino* is misplaced.  The defendant in *Mancera-Patino* filed a post-sentencing motion to compel the government to file a Rule 35(b) motion based on *both* pre- and post-sentence assistance.  401 F. App'x 487, 488, 490 (11th Cir. 2010).  In contrast, Newburg's post-sentencing motion to compel the government to file a § 5K1.1 motion was based solely on *pre-sentence* assistance.  Thus, unlike in *Mancera-Patino*, the district court here was without authority to entertain or grant Newburg's motion to compel under either § 5K1.1 or Rule 35(b).

To the extent Newburg now argues that Rule 35(b) applies because he provided both pre- and post-sentence substantial assistance, he raises this issue for the first time on appeal.  When a defendant raises an argument for the first time on appeal, we review that issue only for plain error.  *United States v. Harness*, 180 F.3d 1232, 1234 (11th Cir. 1999).  Here, Newburg has not shown error, much less plain error.

As already explained, Newburg's motion to compel mentioned only his *pre-sentence* cooperation.  Nothing in Newburg's motion to compel indicated that he continued to assist the government after sentencing.  And given Newburg's failure to inform the district court of any post-sentence cooperation, the district court did not err, plainly or otherwise, in concluding that

Newburg's motion could not be construed as a motion to compel a Rule 35(b) motion.  *See* Fed. R. Crim P. 35(b)(1).

We note that even if Newburg had informed the district court of post-sentence cooperation (which he did not), his motion to compel was still due to be denied.  Nothing in Newburg's plea agreement required the government to file a Rule 35(b) motion. Thus, it was within the government's broad discretion whether to do so.  *See McNeese*, 547 F.3d at 1308-09.

In such circumstances, judicial review is appropriate only when the government's refusal to file the Rule 35(b) motion "was based on an unconstitutional motive," such as race or religion. *Wade*, 504 U.S. at 185-86; *Forney*, 9 F.3d at 1502.  But the only unconstitutional motives Newburg's motion to compel alleged related solely to the government's refusal to file a § 5K1.1 motion at sentencing.  Newburg did not allege, much less make "a substantial showing," that the government had an unconstitutional motive for refusing to file a Rule 35(b) motion after sentencing.  *See Forney*, 9 F.3d at 1502.  Accordingly, the district court correctly concluded it lacked authority to review the government's decision not to file a Rule 35(b) motion.  *See McNeese*, 547 F.3d at 1309; *Forney*, 9 F.3d at 1502.

For all these reasons, we affirm the district court's denial of Newburg's post-judgment motion to compel the government to file a § 5K1.1 motion or a Rule 35(b) motion.

**AFFIRMED.**